# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| ROBERT LEON HILLMAN, | Case No. 2:25-cv-579 |
| Plaintiff, | |
| vs. | District Judge Edmund A. Sargus, Jr. |
| | Magistrate Judge Kimberly A. Jolson |
| KAREN HELD PHIPPS, et al., | |
| Defendants. | |

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Chillicothe Correctional Institution, has filed a pro se civil rights Complaint and Amended Complaint in this Court pursuant to 42 U.S.C. § 1983. (Doc. 2, 4). The matter is before the Court for a *sua sponte* review of the Amended Complaint (Doc. 4), to determine whether the Amended Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a Defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

Plus, several pending motions are also before the Court, including Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1), motion for permission to add defendant (Doc. 5), motion requesting a jury trial (Doc. 9), motion to amend/correct (Doc. 10), motion to appoint counsel (Doc. 11), and motion for leave to file an addendum brief (Doc. 12).

### Pending Motions

Because Plaintiff has paid the filing fee (Doc. 8), his pending motion for leave to proceed *in forma pauperis* (Doc. 1) is **DENIED as moot**.

Plaintiff's motions to add defendant (Doc. 5), requesting a jury trial (Doc. 9), to amend/correct (Doc. 10), and for leave to file an addendum brief (Doc. 12) are **GRANTED**. Accordingly, as requested in his motion to add a defendant (Doc. 5), Vincent Edward Watkins—who Plaintiff already names in the Amended Complaint (*see* Doc. 4 at PageID 130)—is considered a Defendant to this action. The Court construes Plaintiff's motion for a jury trial (Doc. 9) to be a jury demand under Fed. R. Civ. P. 38, which is also granted. In his motion to amend/correct (Doc. 10), Plaintiff clarifies that each Defendant is named in individual and official capacities. Finally, Plaintiff includes exhibits in support of his Amended Complaint in his motion for leave to file an addendum brief. (Doc. 12). Both motions (Doc. 10, 12) are granted to the extent that the Court construes the Complaint to name each Defendant in their individual and official capacities and the attached exhibits will be considered in the initial screen of the Amended Complaint.

Plaintiff's motion for the appointment of counsel (Doc. 11) is **DENIED**. The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id.* at 605–06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). There are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear here. Plaintiff's motion (Doc. 11) is denied.

## Screening of Plaintiff's Amended Complaint

### A. Legal Standard

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Additionally, Congress has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

The screening procedures established by § 1915 apply to complaints filed by prisoners against governmental entities, officials or employees regardless of whether the plaintiff has paid the filing fee, as in this case, or is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915A(a);

3

*Hyland v. Clinton*, 3 F. App'x 478, 479 (6th Cir. 2001); *Bell v. Rowe*, No. 97-4417, 1999 WL 196531, at *1 (6th Cir. Mar. 22, 1999) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997)); *see also Fleming v. United States*, 538 F. App'x 423, 426 (5th Cir. 2013) (per curiam) (citing *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998)); *Miller v. Edminsten*, 161 F. App'x 787, 788 (10th Cir. 2006); *Lewis v. Estes*, No. 00-1304, 2000 WL 1673382, at *1 (8th Cir. Nov. 8, 2000) (per curiam) (citing *McGore* and Seventh and Second Circuit Court decisions).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

    **B. Plaintiff's Allegations**

Plaintiff brings this action in connection with his state-court criminal charges and convictions in the Franklin County Court of Common Pleas case numbers 13-CR-6648 and 13-CR-6206.  (*See* Doc. 4, Amended Complaint at PageID 138).  In the Amended Complaint, which includes factual allegations spanning from October 21, 2013 to June 29, 2022, Plaintiff names numerous individuals involved in his arrest, trial, and appeals as Defendants, arguing that he was

subjected to a "sham legal process" and civil conspiracy to deny him of his rights throughout his state-court criminal proceedings.  (*Id.* at PageID 131).

Plaintiff first alleges that on October 21, 2013, Defendant David Larrison, a Columbus Police Department Officer, arrested him for a criminal charge that "a man from a completely different race was witness[ed] committing." (*Id.*).  Plaintiff claims that Larrison offered perjured testimony and fabricated evidence by falsely testifying that a 911 call regarding the incident reported the suspect to be a black male instead of a white male.  Plaintiff alleges that on November 13, 2013, Defendant Detective Harold Conley II "swore out a bare bone affidavit stating that the Plaintiff herein had committed Burglaries without anyone ever telling him Plaintiff committed." (*Id.* at PageID 131).

Plaintiff further alleges that during his trial in 2014, the judge and counsel conspired to deprive him of his constitutional rights, including meaningful access to the courts, legal counsel, and the ability to confront witnesses against him.  (*Id.* at PageID 131–32).  Plaintiff says that Public Defender Vincent Wakins was permitted to withdraw from the case twenty days before trial and Prosecutor Dough Stead initiated the prosecution with knowledge of fabricated and withheld evidence.  Still more, Plaintiff claims that Defendant Judge David Cain tricked him into representing himself at trial and "conducted a sham evidentiary hearing."  (*Id.* at PageID 134) .

Plaintiff also brings claims against Defendant Appellate Judges Lisa Sadler and Julia Dorrian.  He seeks to hold these Defendants liable in connection with his direct appeal, arguing that on December 30, 2014—the date of the Court of Appeals' direct appeal decision—Sadler and Dorrian "conspire[d] to cover-up the misconduct of other Public officials when they literally add evidence to the records that was never introduce[d] at trial."  (*Id.* at PageID 132).  Plaintiff also claims that in 2020, Sadler and Dorrian improperly ruled on his appeal regarding a delayed motion

for a new trial because they issued the decision without a final appealable order in the trial court. (*Id.* at PageID 132–33).

Plaintiff next asserts that Defendant Judge Laurel B. Blunt joined the conspiracy in 2015 when she allegedly attempted to cover up Larrison's alleged perjury, deliberately refused to address issues presented in court, and misapplied the law. (*Id.* at PageID 132). Based on a review of the state-court docket records, it appears that Plaintiff filed a civil suit against Defendant Larrison on March 27, 2015 that was assigned to Judge Blunt and decided against him. Viewed at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/ under Case No. 15 CV 002664. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

Next, Plaintiff claims that Defendant Judge Phipps joined the conspiracy in 2020 "when she took Subject-Matter-Jurisdiction over the Plaintiff's criminal case without being legally assigned to the case." (*Id.* at PageID 133). Plaintiff says that Defendant Judge Stephen McIntosh conspired, too, by assigning Judge Phipps to his criminal case. (*Id.*).

Plaintiff also seeks to hold Defendant Franklin County Clerk of Court Maryellen O'Shaughnessy liable for being a conspiracy member from 2015 through 2020. (*Id.* at PageID 146). Specifically, Plaintiff claims O'Shaughnessy deliberately converted a criminal complaint filed by Plaintiff against Larrison and Conley into a civil complaint and assessed him the relevant civil fees. (*See id.* at PageID 133; *see also* Doc. 1 at PageID 7).

Finally, Plaintiff alleges that on June 29, 2022, after "defendants attempted to have plaintiff Hillman declared a vexatious litigant unsuccessfully," the trial court issued a decision in his case but denied him a copy of the judgment. The Supreme Court of Ohio online docket records shows that on May 19, 2022, in Case No. 2022-0406, a motion was filed to designate Plaintiff a vexatious

litigant. The motion, which was premised on the forty-one cases Plaintiff filed in the Ohio Supreme Court, was denied on June 29, 2022. Viewed at https://www.supremecourt.ohio.gov/clerk/ecms/#/search under Case No. 2022-0406. According to Plaintiff, the Ohio Court of Appeals subsequently denied his delayed appeal, allegedly "demonstrating a deliberate act to prevent Plaintiff from litigating his claims to the court and causing serious harm, or infliction of emotional stress by stopping the plaintiff at all cost and, protecting one another for conspiring to deprive the Plaintiff of his Federally protected civil and constitutional rights." (*Id.* at PageID 133–34).

Plaintiff requests that this Court "review these state agent's actions for federal crimes, constitutional violations, and violations of his federally protected civil rights." (*Id.* at PageID 134). He seeks declaratory and injunctive relief, as well as monetary damages. (*Id.* at PageID 148).

C. Analysis

Plaintiff's Amended Complaint is subject to dismissal at the screening stage, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), for several reasons.

1. **Statute of Limitations**

As an initial matter, it is clear from the Amended Complaint's face that Plaintiff's § 1983 claims are time-barred. Ohio's two-year statute of limitations applicable to personal injury claims, governs Plaintiff's Complaint, as amended. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"); *Zundel v. Holder,* 687 F.3d 271, 281 (6th Cir. 2012) ("the settled practice . . . to adopt a local time limitation

7

as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to *Bivens* actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages") (internal citation and quotation marks omitted).

Although the statute of limitations is an affirmative defense, a complaint may be dismissed for failure to state a claim upon which relief may be granted when it is clear that the action is time-barred. *See Jones v. Bock,* 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. Of America,* No. 4:12cv357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under Ohio's two-year statute of limitations for bodily injury), *aff'd*, 529 F. App'x 558 (6th Cir. 2013).

Here, it is clear that Plaintiff's claims regarding his 2013 arrest and 2014 criminal trial are too late. As detailed above, Plaintiff seeks to hold Defendants Larrison, Conley II, Cain, Stead, and Watkins liable for their actions over a decade ago. (*See* Doc. 4 at PageID 131–32, 138). With regard to his direct appeal and post-conviction based claims, Plaintiff seeks to hold Defendant Judges Sadler, Dorrian, Blunt, Phipps, and McIntosh liable based on factual allegations that span from December 30, 2014 through December 8, 2020. (*See id.* at PageID 132–33). Plaintiff similarly seeks to hold Defendant O'Shaughnessy liable for conduct he alleges occurred from 2015 through 2020. (*Id.* at PageID 146). Plaintiff filed the instant case on May 22, 2025, years after the limitations period expired. Therefore, Plaintiff's claims stemming from his 2013 arrest, 2014

trial, appeals, and his remaining allegations occurring prior to May 22, 2023 are subject to dismissal at the screening stage on statute of limitations grounds.

### 2. Failure to Plead Conspiracy

Although Plaintiff asserts that his factual allegations comprise an ongoing conspiracy that has persisted until now, Plaintiff's conspiracy claim itself should be dismissed. It is well-settled in the Sixth Circuit that conspiracy claims must be pleaded with "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus,* 409 F. App'x 826, 835 (6th Cir. 2010); *see also Moldowan v. City of Warren,* 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez v. Lynch,* 826 F.2d 1534 (6th Cir. 1987)) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity"). Here, construing the Complaint liberally, Plaintiff's factual allegations are insufficient to suggest that the named Defendants shared a conspiratorial objective or otherwise planned together to deprive him of his constitutionally-protected rights at every stage of his criminal, appellate, and post-conviction proceedings. Plaintiff's unsubstantiated and conclusory claims against Defendants based on a conspiracy theory lacks the requisite specificity to state a cognizable claim under 42 U.S.C. § 1983 much less that any such conspiracy persisted from 2013 to present.

Plaintiff also appears to assert a conspiracy claim under 42 U.S.C. § 1985 (*See* Doc. 4 at PageID 139), however this claim should also be dismissed. To plead a cause of action under § 1985, Plaintiff must not only allege that the Defendants conspired together for the purpose of depriving Plaintiff of the equal protection of the laws and that the Defendants committed an act in furtherance of the conspiracy, but also that the conspiracy was motivated by a racial, or other class-based, discriminatory animus. *See Bruggeman v. Paxton,* 15 F. App'x 202, 205 (6th Cir. 2001); *see also Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (and cases cited therein). "The

9

complaint thus must 'allege both a conspiracy and some class-based discriminatory animus behind the conspirators' action.'" *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 367–68 (6th Cir. 2012) (quoting *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir. 1992), in turn quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)). Here, because Plaintiff has not alleged facts that plausibly suggest that Defendants were motivated by a racial or class-based discriminatory animus, much less that Defendants shared a common discriminatory objective, Plaintiff fails to state a claim upon which relief may be granted under § 1985.

### 3. Immunity

Even if the claims against Defendant Judges Phipps, Cain, Blunt, Sadler, Dorrian, and McIntosh were not time-barred, Plaintiff's claims against these Defendants should be dismissed in any event because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). *See also Coleman v. Governor of Mich.*, 413 F.App'x 866, 873 (6th Cir. 2011) ("[b]y enacting the 1996 Federal Courts Improvement Act . . . Congress . . . expanded the ambit of judicial immunity by amending § 1983 so as to prohibit injunctive relief against a judicial officer."). Plaintiff claims that these Defendants conspired against him in proceeding over his criminal trial, appeal, and post-conviction proceedings. However, judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love*, 766 F.2d 962 (6th Cir.1985). Plaintiff alleges no facts to plausibly suggest that these Defendants presided over matters in which they were without subject matter jurisdiction or that they performed non-judicial acts. Accordingly, the Complaint must be dismissed as to Defendants Phipps, Cain, Blunt, Sadler, Dorrian, and McIntosh.

Plaintiff's claims against Defendant Assistant Prosecutor Dough Stead should also be dismissed. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986). A prosecutor's initiation and presentation of a case to a grand jury falls within the traditional functions of the prosecutor and is shielded by absolute immunity. *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury are actions protected by absolute immunity. *See Spurlock v. Thompson*, 330 F.3d 791, 797-98 (6th Cir. 2004). *See also Imbler*, 424 U.S. at 413, 430; *Buckley v. Fitzsimmons*, 509 U.S. 259, 267 n.3 (1993). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy*, 151 F.3d 493, 498 n.7 (6th Cir. 1998). Because Plaintiff seeks to hold Defendant Stead liable based on conduct intimately associated with the judicial phase of the criminal process, his claims against this Defendant are subject to dismissal.

Still more, to the extent that Plaintiff seeks to hold the Defendant Judges and Prosecutor liable in their official capacities, his claims for damages are barred by the Eleventh Amendment. *See Cox v. Nord*, Case No. 1:23-cv-324, 2023 WL 6276198, at *5 (S.D. Ohio Sept. 26, 2023) (finding that official capacity claims against an Ohio common pleas court judge and county prosecutor were the equivalent of claims against the State of Ohio and barred under the Eleventh Amendment) (Report and Recommendation), *adopted* 2023 WL7699848 (S.D. Ohio Nov. 15, 2023).

Defendant Public Defender Watkins should also be dismissed. In order to maintain an action under § 1983, Plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived Plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). As lawyers representing a client, Defendant Watkins was not a state actor within the meaning of § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that public defender does not act under color of state law for purposes of § 1983); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* to retained criminal lawyers). *See also Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998). And although Plaintiff alleges that public defender Watkins conspired with state actors, *see Tower v. Glover*, 467 U.S. 914, 923 (1984) ("[S]tate public defenders are not immune from liability under § 1983 for intentional misconduct, 'under color of' state law, by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights."), the Undersigned has already determined that Plaintiff's claims regarding his 2014 trial and conviction are time-barred and that Plaintiff's conclusory allegations of conspiracy are subject to dismissal for failure to state a claim upon which relief may be granted.

### 4. Additional Bases for Dismissal

To the extent that Plaintiff seeks money damages based on his allegedly unconstitutional conviction and sentence his claim is also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff asserts various constitutional violations in his state-court criminal proceedings, including that he was deprived of the assistance of counsel, denied the ability to confront witnesses against him, convicted based on insufficient evidence, and prosecutorial misconduct. (*Id.* at PageID 131-32). A judgment in Plaintiff's favor on these claims stemming from his state criminal proceedings

and the imposition of his sentence would necessarily imply that his sentence is invalid. *See id.*, 512 U.S. at 487. Because Plaintiff has not alleged facts indicating that his sentence has been invalidated by a federal or state court or other appropriate tribunal, he may not proceed with such a claim for damages in this § 1983 action.

Plaintiff's claims that Defendants violated various federal and state statutes must also be dismissed for failure to state a claim upon which relief may be granted. According to Plaintiff, Defendants violated 18 U.S.C. §§ 241, 242, 1346, and 1623. (*See* Doc. 4 at PageID 138, 139, 140). These federal criminal statutes do not provide plaintiff with a private cause of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. July 9, 2003) (there is no private right of action under either 18 U.S.C. §§ 241, 242) (*citing Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2d Cir. 1994)); *Hooker v. Hooker*, Case No. 2:11-cv-2252, 2013 WL 12253554, at *5 (W.D. Tenn. Mar. 18, 2013) ("there is no private right of action under 18 U.S.C. § 1346"); *Smith v. Spears*, No. 2:17-cv-3384, 2018 WL 4523201, at *4 (D.S.C. Feb. 8, 2018) (same) (collecting cases); *Shaikh v. Allen City Counsel,* Case No. 4:21-cv-953, at *15 (E.D. Tex. Feb. 8, 2023) (finding that 18 U.S.C. § 1623 does not provide a private cause of action) (Report and Recommendation), *adopted* 2023 WL 2503542 (E.D. Tex. Mar. 13, 2023).

Plaintiff appears to allege that Defendants also violated 18 U.S.C. § 1589 (a provision of 18 U.S. Code Chapter 77), which prohibits "forced labor." (*See* Doc. 4 at PageID 139). Although 18 U.S.C. § 1595 authorizes a private civil action for damages to be filed by the victim of chapter 77, Plaintiff has not alleged any facts to plausibly suggest that he is a victim of forced labor or otherwise entitled to relief under the statute. *See Rea v. Shmertz*, Case No. 25-cv-21360, 2025 WL 1025204, at *4) (S.D. Fla. Apr. 7, 2025).

Plaintiff also asserts that "eight different criminal offenses were committed" by Defendants, listing the following Ohio criminal statutes: Ohio Rev. Code §§ 2921.45(A)

13

(interfering with civil rights), 2921.52(B) (using sham legal process), 2921.04(B) (intimidation of attorney, victim or witness), 2921.05(B) (retaliation), 2921.12(A)(1) (tampering with evidence), 2923.03(A)(2) (complicity), 2921.44(B) (dereliction of duty), and 2921.11 (perjury).  (*See* Doc. 4 at PageID 139-140).  To the extent that Plaintiff merely lists these statutes without factual support in the Amended Complaint, such "naked assertion[s] devoid of further factual enhancement" fail to meet the basic pleading standard under *Twombly*.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).  *See also Bayard v. Romey*, No. CIV. 12-177-RGA, 2012 WL 1849680, at *2 (D. Del. May 10, 2012) (finding claim frivolous under 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1) where the plaintiff merely listed statutes).

In any event, although Plaintiff requests that the Court review Defendants' action for crimes (*id.* at PageID 134), he may not "utilize this civil lawsuit as a vehicle to initiate . . . state criminal charges." *Theriot v. Woods*, No. 2:09-cv-199, 2010 WL 623684, at *13 (W.D. Mich. Feb. 18, 2010) (and cases cited therein).  *See also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks judicially cognizable interest in the prosecution or nonprosecution of another").  And plaintiffs generally have no private right of action to sue under criminal statutes.  *See Kelly v. City of New Phila.*, No. 5:11CV474, 2011 WL 3705151, at *2–3 (N.D. Ohio Aug. 22, 2011) (quoting *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)).  *See also, e.g., Roane v. Warden*, No. 2:22-cv-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022) (dismissing claim under § 2921.45(A) "because the statute does not create a private cause of action").[1]

---

[1] *See also Delaney v. Skyline Lodge, Inc.*, 642 N.E.2d 395, 404 (Ohio App. 1st Dist. 1994) ("the intimidation statutes [2921.03 and 2921.04] do not provide for a civil remedy"); *Gentry v. The Renal Network*, 636 F.Supp.2d 614, 616 (N.D. Ohio July 23, 2009) (finding that § 2921.05(B) does not allow for a civil remedy); *Burgess v. Fischer*, 766 F.Supp.2d 845, 852 (S.D. Ohio Sept. 29, 2010) ("Ohio Rev. Code § 2921.12 does not create a civil remedy, but only establishes that tampering with evidence is a felony."); *Ebbing v. Butler Cnty.*, Case No. 1:09-cv-39, 2010 WL 596470, at *5 (S.D. Ohio Feb. 16, 2010) (noting that the plaintiff could not bring a claim for an alleged violation of § 2923.03 in a private lawsuit); *Foster v. Portage Cnty.*, Case No. 5:21-cv-1983, 2022 WL 2789340, at *3 (N.D. Ohio July 17,

Even liberally construing Plaintiff's claims under Ohio Rev. Code § 2307.60, which "creates a civil cause of action for damages resulting from any criminal act," his claims are still subject to dismissal. *Jacobsen v. Kaforey*, 75 N.E.3d 203, 207 (Ohio 2016). *See also Buddenberg v. Weisdack*, 161 N.E.3d 603 (Ohio 2020) (holding that a criminal conviction is not a condition precent to a civil claim under the statute). Plaintiff's state-law claims are premised on the same factual allegations as his § 1983 claims and are also largely time-barred. As detailed above, Plaintiff seeks to hold Defendants Larrison, Conley II, Cain, Stead, and Wakins liable for conduct associated with his arrest and trial in 2013 and 2014. He similarly names Judges Sadler, Dorrian, and Blunt as Defendants to this action based on factual allegations regarding his direct appeal in 2014-2015. Plaintiff's claims against these Defendants should be dismissed as barred by the applicable statute of limitations. *See Seymour v. Miller*, No. 2:21-cv-313, 2022 WL 93327, at *3 (S.D. Ohio Jan. 10, 2022) ("it is well settled that claims under O.R.C. § 2307.60 . . . are subject to a one-year statute of limitations"). *But see Bryant v. City of Cincinnati Fire Dept.*, No. 1:24-cv-119, 2025 WL 860931, at *19-20 (S.D. Ohio Mar. 19, 2025) (noting recent disagreement as to the applicable limitations period for § 2307.60 claims and concluding that a six-year limitations period applies). Because Plaintiff did not file his Complaint until 2025, his claims based on factual allegations from 2013–2015 are time-barred and should be dismissed for failure to state a claim upon which relief may be granted. *See Jones*, 549 U.S. at 215. With respect to his remaining claims, Plaintiff has otherwise failed to plausibly suggest that Defendants—including the remaining Defendants Phipps, McIntosh, and O'Shaughnessy—conspired against him, committed

---

2022) ("Ohio Rev. Code § 2921.44 does not provide a private cause of action."); *Banks-Bey v. Acxiom*, Case No. 1:09-cv-1249, 2010 WL 395221, at *4 (N.D. Ohio Jan. 27, 2010) (finding that § 2921.11 does not create a civil cause of action).

15

criminal acts under Ohio law, or otherwise violated his civil rights. Plaintiff's state-law claims should be dismissed for failure to state a claim upon which relief may be granted and frivolity.

Finally, the Amended Complaint includes a request for preliminary injunctive relief. (Doc. 4 at PageID 142). Having found that Plaintiff's Complaint, as amended, is subject to dismissal at the screening stage, it is recommended that Plaintiff's request for a preliminary injunction be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Amended Complaint be **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted and frivolity, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii); 1915(A)(b)(1).

2. This dismissal counts as a strike under 28 U.S.C. § 1915(g). *See Crump v. Blue*, 121 F.4th 1008 (2024).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. 1) is **DENIED** as moot.

2. Plaintiff's motions to add defendant (Doc. 5), requesting a jury trial (Doc. 9), to amend/correct (Doc. 10), and for leave to file an addendum brief (Doc. 12) are **GRANTED**.

3. Plaintiff's motion to appoint counsel (Doc. 11) is **DENIED**.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


Date:   December 9, 2025                             /s/ Kimberly A. Jolson
                                                     KIMBERLY A. JOLSON
                                                     UNITED STATES MAGISTRATE JUDGE