**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ROBERT L. HILLMAN,**

**Plaintiff,**

**v.**

**KAREN HELD PHIPPS, *et al.*,**

**Defendants.**

**Case Number 2:25-cv-579**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Kimberly A. Jolson**

**OPINION AND ORDER**

This matter is before the Court on an Order and Report Recommendation filed by the Magistrate Judge on December 9, 2025. (ECF No. 14.) Plaintiff Robert L. Hillman filed an Objection (ECF No. 15-1) as well as various motions (ECF Nos. 15, 16, 18, 19, 20, 21). For the reasons explained in this Opinion and Order, the Court **OVERRULES** Plaintiff's Objection (ECF No. 15-1) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Order and Report and Recommendation (ECF No. 14).

**BACKGROUND**

Plaintiff, proceeding *pro se*, is a prisoner at Chillicothe Correctional Institution. (ECF No. 4.) He brings this action under 42 U.S.C. §§ 1981, 1983, "1985(a)," and 1986 in connection with his state-court criminal cases in the Franklin County Court of Common Pleas. (ECF Nos. 1-2, 4.)

Plaintiff's original Complaint consisted of 87 pages. (ECF No. 1-2.) The Magistrate Judge ordered Plaintiff to file an Amended Complaint not to exceed 20 pages to comply with Federal Rule of Civil Procedure 8(a). (ECF No. 2.) Plaintiff complied. (ECF No. 4.)

The Amended Complaint contains factual allegations spanning from October 2013 to June 2022. (*Id.* PageID 131–33.) Plaintiff names 11 Defendants: Judges Karen Held Phipps,

Lauren Beatty Blunt, Julia Dorrian,[1] Stephen L. McIntosh; former Judges David Cain and Lisa Sadler; police officers David Larrison and Harold Conley II; Franklin County Clerk of Courts MaryEllen O'Shaughnessy; Assistant Prosecutor Doug Stead; and Public Defender Vincent Watkins.[2] (*Id.*) Plaintiff alleges he was subjected to a "sham legal process" and a civil conspiracy to deprive him of his rights throughout his state-court criminal proceedings. (*Id.* PageID 131.) The Magistrate Judge summarized Plaintiff's allegations (ECF No. 14, PageID 281–84) and the Court does not repeat them here. Plaintiff requests that this Court "review these state agent's actions for federal crimes, constitutional violations, and violations of his [f]ederally protected [c]ivil rights." (ECF No. 4, PageID 134.) He seeks declaratory and injunctive relief, as well as $200,000 from each Defendant. (*Id.* PageID 148.)

The Magistrate Judge conducted a screen of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (ECF No. 14, PageID 284.) The Magistrate Judge concluded that the Amended Complaint is subject to dismissal for several reasons: (1) Plaintiff's § 1983 claims are time-barred, (2) he failed to plead a conspiracy with the requisite specificity, and (3) his claims against judges and the assistant prosecutor should be dismissed on absolute immunity grounds and the claims against them in their official capacities are barred by the Eleventh Amendment. (*Id.* PageID 284–88.) Further, the Magistrate Judge explained that the § 1983 claims against the public defender should be dismissed because he was not a state actor within the meaning of § 1983. (*Id.* PageID 289.) Having concluded that Plaintiff's claims should

---

[1] Plaintiff incorrectly spells Judge Julia Dorrian's last name as Darrain in his Amended Complaint. (ECF No. 4.)

[2] Plaintiff's original Complaint also named five "Participators": Judges Fredrick D. Nelson, Horton, William Klatt, and Jeffrey Brown, as well as Assistant Director Joseph M. Caligiuri. (ECF No. 1-2, PageID 14.) These individuals are listed on the docket as Defendants and Plaintiff occasionally refers to them in his filings.

be dismissed for the above reasons, the Magistrate Judge summarized additional bases for dismissal. (*Id.* PageID 289–93.)

The Magistrate Judge recommended that:

1. The Amended Complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted and frivolity under 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and 1915(A)(b)(1);

2. The dismissal be counted as a strike under 28 U.S.C. § 1915(g); and

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Order and Report and Recommendation would not be taken in good faith and deny Plaintiff leave to appeal *in forma pauperis*.

(*Id.* PageID 293.)

Plaintiff filed a timely Objection (ECF No. 15-1), accompanied by a motion "requesting this court's permission [f]or an enlargement of the page limits to be filed pursuant to civil rule 7.2 of this courts local rules" (ECF No. 15). Plaintiff subsequently submitted other various motions (ECF Nos. 16, 18, 19, 20, 21). The Court addresses each in turn.

## ANALYSIS

### I. ECF No. 15

First is Plaintiff's request to exceed the page limit set forth in this Court's local rules, which state, "The Court prefers that memoranda in support of or in opposition to any motion or application to the Court not exceed twenty pages." S.D. Ohio Civ. R. 7.2(a)(3). Plaintiff requests to file a 40-page Objection based on his status as a *pro se* plaintiff who is incarcerated. (ECF No. 15.) The Court reiterates its preference for brevity, but **GRANTS** the motion to allow Plaintiff an opportunity to present his Objection in full. (ECF No. 15.)

## II. ECF No. 15-1

The Court proceeds to consider the merits of Plaintiff's Objection. (ECF No. 15-1.) If a party timely objects to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

An objection must state "how the [magistrate judge's] analysis was wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue." *Brock v. Hamilton Cty. JFS Children Servs.*, No. 1:25-cv-685, 2026 WL 1361481, at *3 (S.D. Ohio May 15, 2026) (Cole, J.) (quoting *Wischer ex rel. Ernst v. Comm'r of Soc. Sec.*, No. 1:13-cv-810, 2015 WL 1107543, at *1 (S.D. Ohio Mar. 11, 2015) (Barrett, J.)). "Merely restating arguments previously presented, merely stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before" is insufficient. *Id.* (quoting *Wischer*, 2015 WL 1107543, at *1).

The majority of Plaintiff's Objection consists of general arguments in support of the allegations in his Complaint—often copied and pasted from other cases and including irrelevant party names, claims, and arguments. (*See* ECF No. 15-1.) Plaintiff also addresses at length principles that were not raised by the Magistrate Judge, such as the Rooker-Feldman doctrine and qualified immunity. (ECF No. 15-1, PageID 304–07, 315–17.) As set forth in 28 U.S.C. § 636(b)(1), the Court reviews only the objections that are specific to the Magistrate Judge's Order and Report and Recommendation. *See also* Fed. R. Civ. P. 72(b)(3).

Plaintiff makes five specific objections to the Magistrate Judge's finding. First, he argues that she misapplied the statute of limitations on his conspiracy claim because he invoked the continuing violation doctrine. (ECF No. 15-1, PageID 300.) The Sixth Circuit "employs the continuing violations doctrine most commonly in Title VII cases, and rarely extends it to § 1983 actions." *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003). Further, the continuing violation doctrine does not apply to "continual ill effects from an original violation" or where the "separate acts of wrongdoing are individually actionable." *Brown v. Louisville-Jefferson Cnty. Metro Gov't*, 135 F.4th 1022, 1035 (6th Cir. 2025) (citation modified); *see also Nettles v. Skabardis*, No. 25-1272, 2025 WL 4665182, at *3 (6th Cir. Nov. 5, 2025). Plaintiff alleges discrete unlawful acts starting with his arrest in October 2013 and ending in June 2022 when the trial court refused to send him a copy of a judgment and the appellate court denied his delayed appeal. (ECF No. 4, PageID 131–33.) Because all of the alleged unlawful acts were individually actionable when they occurred, the continuing violation doctrine is inapplicable.

Second, Plaintiff argues that the Magistrate Judge erred when she "declared that plaintiff's equal protection claim does not state what the defendant's motives were." (ECF No. 15-1, PageID 300.) The Magistrate Judge correctly explained that, to the extent that Plaintiff asserts a conspiracy claim under 42 U.S.C. § 1985, he must allege both a conspiracy and racial or other class-based discriminatory animus. (ECF No. 14, PageID 286–87); *Bruggeman v. Paxton*, 15 F. App'x 202, 205 (6th Cir. 2001); *Pahssen v. Merrill Cnty. Sch. Dist.*, 668 F.3d 356, 367–68 (6th Cir. 2012). The Amended Complaint mentions Plaintiff's race two times: that he was the only Black man at his trial (ECF No. 14, PageID 136) and that he was convicted of a crime committed by a white man (*id.* PageID 134). These allegations alone do not support an inference that Defendants' actions were motivated by racial or class-based animus. *See Hill v. Pell*, No. 24-

3268, 2025 WL 948425, at *3 (6th Cir. Jan. 21, 2025) (citing *Alexander v. Rosen*, 804 F.3d 1203, 1208 (6th Cir. 2015)).

The rest of Plaintiff's specific objections focus on immunity. (ECF No. 15-1, PageID 300–01.) Upon review of those objections, the Court agrees with the Magistrate Judge's reasoning but does not further address immunity because Plaintiff's claims are nevertheless subject to dismissal as time-barred and insufficiently pled.

For these reasons, the Court **OVERRULES** Plaintiff's Objection (ECF No. 15-1) and **AFFIRMS** and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14).

## III. ECF No. 16

In his next filing, Plaintiff asks the Court to take judicial notice of his original 87-page Complaint filed in this case and "re-determine" whether it would have withstood an initial screen. (ECF No. 16, PageID 340, 342.) It would be improper for the Court do so, as an amended complaint supersedes all previous complaints and controls the case from that point forward. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000); *see also In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes.").

To the extent that Plaintiff objects to the Magistrate Judge's order requiring him to file an Amended Complaint, the Court finds it was not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule's purpose is to "[e]liminate prolixity in pleading and to achieve brevity, simplicity, and clarity." *Bey v. McCandless*, No. 1:22-cv-554, 2022 WL 19521388, at *3 (N.D. Ohio Nov. 30, 2022) (quoting *Gordon v. Green*, 602 F.2d 743, 745–46 (5th Cir. 1979)). "Unnecessary prolixity in a pleading places an unjustified burden on the

court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Novel v. Zapor*, No. 2:14-cv-264, 2015 WL 12734021, at *3 (S.D. Ohio Mar. 11, 2015) (Watson, J.) (citation modified). Because Plaintiff's original Complaint was unnecessarily prolix, the Magistrate Judge did not err when she ordered Plaintiff to file an amended complaint to comply with Rule 8. Thus, Plaintiff's motion (ECF No. 16) is **DENIED**.

**IV. ECF Nos. 18, 19, 20, 21**

Plaintiff's other filings (ECF Nos. 18, 19, 20, 21) rehash and expound on the same arguments he made in his other filings (ECF Nos. 15-1, 16). They do not change the Court's finding that Plaintiff's claims are time-barred and insufficiently pled. Accordingly, those filings are **DENIED as moot**. (ECF Nos. 18, 19, 20, 21.)

**CONCLUSION**

1. The Court **GRANTS** (ECF No. 15) Plaintiff Robert L. Hillman's Motion for Permission for an Enlargement of the Page Limits To Be Filed Pursuant to Civil Rule 7.2 of This Court's Local Rule.

2. The Court **OVERRULES** (ECF No. 15-1) Plaintiff Robert L. Hillman's Objection and **AFFIRMS** and **ADOPTS** (ECF No. 14) the Magistrate Judge's Order and Report and Recommendation.

3. The Amended Complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted and frivolity under 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and 1915(A)(b)(1). This dismissal counts as a strike under 28 U.S.C. § 1915(g). *See Crump v. Blue*, 121 F.4th 1008 (2024).

4. The Court **DENIES** (ECF No. 16) Plaintiff Robert L. Hillman's Motion Requesting Judicial Notice pursuant to Evid Rule 201.

5. The Court **DENIES as moot** (ECF No. 18) Plaintiff Robert L. Hillman's Motion Pursuant to Federal Rules of Civil Procedures Rule 15(d) Explaining Events That Has Occurred After the Initial Filing, Justifying Why the Continuing Violation Should Be Applied in This Matter.

6. The Court **DENIES as moot** (ECF No. 19) Plaintiff Robert L. Hillman's Motion for Judicial Notice Pursuant to Federal Rules of Evidence Rule 201.

7. The Court **DENIES as moot** (ECF No. 20) Plaintiff Robert L. Hillman's Motion for Leave to File This Current Motion Describing to This Court Why the Heck-V-Humphry Doctrine Should Not Be Applied to This Particular Case.

8. The Court **DENIES as moot** (ECF No. 21) Plaintiff Robert L. Hillman's Motion to Certify a Conflict.

9. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Opinion and Order would not be taken in good faith and Plaintiff is **DENIED** leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

The Clerk is **DIRECTED** to enter judgment and terminate this case on the docket.

**IT IS SO ORDERED.**

**9/11/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**